*J. A. Bayard* for plff.
*Hamilton* for deft.

---

### SAMUEL JOHNSON *vs.* The FARMERS' BANK of the STATE of DELAWARE.

The cashier of a bank is a competent witness to prove the amount of a deposit in an action against the bank for it, if he be released; or perhaps without a release.
The deposite book or scratcher is evidence against a dealer.
When an attorney is privileged from giving evidence.
A depositor must make an actual demand for his deposit before suit brought-

ASSUMPSIT. Pleas, non assumpsit, payment, discount and the act of limitations. Issues.

This was an action brought against the bank to recover the amount of a deposit alledged to have been made by plff. He had made, as he contended, a deposit in the bank of $600, and he had an entry of that amount in his bank book, which the bank alledged was a mistake. The bank's books credited him with $400 only.

The plff. produced and proved his bank book. It contained a credit under date of April 14, 1830, of a deposit in notes $600, altered to $400. He also produced a letter from Doct. Cooper the cashier, stating that he had made the alteration, being convinced there was a mistake in the original entry which was $600. The credit was in the handwriting of the cashier.

The plff. here rested his case.

The deft. called Doct. Cooper the cashier. Objected to.

He would be liable to the bank for his negligence if there should be a recovery here, and the amount of the recovery would fix the amount of his liability. Therefore interested.

The defts. then produced a release under the seal of the corporation. To this it was objected that the local board of this branch of the Farmers' Bank could not execute a release, and could not use the corporate seal for such a purpose, without a resolution of the general board of directors. No such authority was proved. The court said they could only look to the seal, which carried with it the sanction of the corporation, but they intimated an opinion that the cashier

would be a competent witness without a release, from the necessity of the case. A servant of a tradesman may prove the delivery of goods and payment of money without a release, and so in many other cases persons similarly situated are admitted *ex necessitate*. 1 *Ph. Ev.* 95; 2 *Stark.* 753; 4 *Term Rep.* 590; 1 *Str.* 547.

Doct. Cooper sworn. Produced the book of original entries. Objected to.

*Bayard.* The books of a corporation though evidence as against corporators, are not evidence against strangers.

*Rogers.* A depositor or dealer is not a stranger to the corporation: and the books must be admitted from necessity.

*Bayard.* The checks are the best evidence until given up, which is not until the book is settled. Until then the entries on the books are but secondary evidence.

The court admitted the book with the oath of Doct. Cooper, proving it the book of original entries. We have admitted the cashier *ex necessitate.* The entries made by him as the agent or servant of the bank fall under the same rule. If he proves the book to have been regularly kept, and the entries there made correct, such entries are evidence. This is the scratcher or original account book of the bank. The corporation books alluded to are strictly the books containing the resolves and acts of the board of directors or other corporate authority.

Doct. Cooper.—Johnson made the deposit. I entered it on the books of the bank and on his book. The entry in our book was $400: in his $600. He brought a check of Andrew C. Gray for $406 84, and mentioned to me the amount of his intended deposit. I then sent him to the teller's side to get the check changed, and his deposit with me was in notes. If his deposit had been more than the check, I should have taken it with the money, and entered it as a deposit of check and notes, which is our invariable rule. I infer from my sending him to the teller, that the deposit was of a part only of the check. On a settlement made every two days we found our books correct. On the monthly balance it was also correct.

He produced a letter from plff. stating that his deposit was $600, in a check from Mr. Gray of $400, and $200 in cash.

Andrew C. Gray, Esq., called. Objected to by plff. and also by himself, stating that he had been the attorney of Johnson, and that any thing he knew in relation to the matter must have been derived from this relation.

*Read, Jr.*, for deft. insisted on his examination. The privilege is that of the client and not of the attorney, and the court are to decide whether the disclosure was confidential, whether it was made to the witness as an attorney. If not, it is not protected. And the books confine it to disclosures made to an attorney in the cause. It depends upon the nature and time of the disclosure, and the fact to be proved. The object here is to prove the amount of a check given by Mr. Gray to Johnson, for money which he had collected, and also to prove that when the check was given, Johnson said he had not money enough to go to Philadelphia. This communication had no relation to any cause. It was a fact stated not as between at-

torney and client, nor in any confidence, and is not protected be-cause the gentleman to whom it was stated happened to be an attorney. 10 *Mad.* 40.

*Bayard.* Any knowledge that a man acquires from his client *because* he is the attorney is confidential, and cannot be disclosed. Attorneys in England are on a different footing from attorneys here. There is no distinction in this state between attorneys and counsel. The characters are united.

The *Court* required Mr. Gray to be sworn. 2 *Stark.* 397; 2 *Saund.* 566; 4. *Term. Rep.* 753.

Andrew C. Gray, sworn.—Produces the check dated 13th April 1830, for $406 84. It was for money collected by me for Johnson. He told me he was without funds. Johnson returned to Philadelphia the 17th.

Howell J. Terry sworn—Is the teller of the bank. This check was presented to me on the 14th April 1830, and I cashed it. It was presented by and paid to Johnson personally. Independently of this claim there is a balance now due Johnson of $8 75.

*Bayard,* counsel for plff. sworn at his own request.

I made a demand on the president of the bank for the balance due Johnson, before suit brought.

This testimony was objected to as not competent to be given in reply.

*The Court.*—A demand in the case of a claim on an individual is not necessary. The bringing a suit is a demand. But with regard to deposits in a bank the rule must be different. If a deposit be made to-day, a suit could not be immediately brought for it without demand. A demand being necessary, the proof of it constitutes a part of the plff's. case, and must be made in the opening. Testimony rejected.

*Mr. Bayard,* to the jury on the facts.

He contended that the evidence was sufficient to establish the deposit of $600;—and he relied upon the entry made by the cashier at the time of the deposit in the dealers bank book. This was the dealer's only evidence and the only security he had for the repayment of his money. He contended that on grounds of public policy and for the protection of individual rights, much exposed as they were to the power of these institutions, such an entry ought to be considered as conclusive upon the bank and not be enquired into or contradicted by the testimony of the bank's officers, and he cited 4 *Johnson's Reports* 377, where judge Spencer said, that particular errors in a balanced account may be enquired into, but he adds, in my mind there is this exception, if an entry is made in a customer's bank book at the time of the deposit, the entry is conclusive. This distinction is a sound one and ought to be recognized.

*Rogers* for defts.

The question is not what the law ought to be but what the law is. The case in 4 *Johnson* does not decide the rule contended for. That was not the point in the cause: it was a mere *obiter dictum* or suggestion of the judge. The phrase is, "in my mind," there is this distinction. In 19 *Johns.* it is settled that the entry in the dealer's

book is not conclusive as against him. Why should it be conclusive against the bank? The general principle is well settled as between individuals that mistakes of this kind in the settlement of accounts may be corrected. Even if a receipt be given it is not conclusive. Further, a bond is open to inquiry on fraud or mistake; and a mistake in an award is inquirable into. A judgment on the award may be opened under particular circumstances. The rule contended for would form an exception to all the cases. In 19 *Com. L. R.* it is decided that the entry on the bank books is not conclusive. 19 *Johns.* 115; 14 *Com. L. R.* 25; *Angel and Ames on Corp.* 133; 19 *C. L. Rep* .412.

As to the facts the jury cannot doubt that the deposit in this case was only $400.

*Read, jr.* On the same side.

Nothing has been advanced on the other side, but an extra-judicial opinion of judge Spencer which has been contradicted by an adjudged case in 19 Johnson's Reports. The entry on the customer's book, what is it? An acknowledgment or receipt that he is entitled to so much money from the bank. But a receipt is inquirable into and there is no reason for distinguishing this from other receipts.

*Bayard*, in reply.

This entry is an original entry and on principles of public policy ought to be conclusive. Spencer's decision is not a mere dictum but an adjudged point. It was necessary to be announced in stating the law applicable to that case.

The court here suggested that this being a new question of great public importance it would be well to reserve it for the court in bank. The counsel acquiesced, but went on to the jury on the facts, and the plff. had a verdict.

Whereupon a motion was made for a new trial, on the ground that the verdict was against law and evidence.

The case was not brought up to the court in bank, nor was the motion for a new trial further prosecuted; the bank considering it *impolitic* in reference to their business generally to defend the claim further.

*J. A. Bayard*, for plff.
*Rogers* and *Reed, Jr.*, for defts.